FILED
Oct 08, 2020
08:20 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| BARBARA McGINNIS, | ) | Docket No. 2019-08-1005 |
| Employee, | ) | |
| v. | ) | State File No. 94206-2019 |
| RANGE LINE DISCOUNT DELI, | ) | |
| Uninsured Employer. | ) | Judge Amber Luttrell |

---

## EXPEDITED HEARING ORDER

---

The Court held an Expedited Hearing on September 23, 2020, on Ms. McGinnis's request for medical and temporary disability benefits. Range Line Discount Deli did not appear. For the reasons below, the Court holds Ms. McGinnis is entitled to a panel of physicians but is not entitled to the requested temporary disability benefits or payment of medical bills at this time.

### History of Claim

Ms. McGinnis worked as a cook for Range Line Discount Deli. On July 20, 2019, she injured her right foot, right arm/shoulder, back, and right side of her body when she tripped over a piece of aluminum, slipped in water, and fell to the floor. Her coworker, LaKeith Jamerson, testified by affidavit that he witnessed the accident and assisted her afterward.

Ms. McGinnis went to the emergency room, but she did not produce records from that treatment. She stated the providers took x-rays and prescribed medication. She was unable to obtain a follow-up appointment with her personal physicians for several months.

According to the records, in October 2019, Ms. McGinnis saw Dr. Pooja Sethi and reported a history of her fall on July 20, among other health concerns. She complained of resulting pain in her neck, right shoulder, low back, and foot. She then saw Dr. Christopher Jackson throughout 2019 and 2020 for chronic back, neck, and right-shoulder pain.

Dr. Jackson ordered cervical, thoracic, and lumbar MRIs and treated Ms. McGinnis

1

conservatively for her symptoms. His records did not mention Ms. McGinnis's fall at work until August 28, 2020. At that visit, Dr. Jackson noted that four weeks before coming to the clinic, Ms. McGinnis suffered a fall that caused worsening neck and right-shoulder blade pain. Ms. McGinnis testified that Dr. Jackson is currently treating her for pain.

Ms. McGinnis also testified regarding the notice she provided Range Line and her efforts to file an accident report. Range Line is owned by Nabil Haimed, but his sons, Ali and Mohammed, help manage the business. Ms. McGinnis sent text messages to Ali and Mohammed requesting they fill out an accident report. Mohammed responded by text and attempted to dissuade her from filing a report. She also sent a text message to Mr. Haimed but received no response.

Ms. McGinnis then filed a Petition for Benefit Determination, and the Bureau initiated an investigation.[1] A compliance specialist's report stated that the specialist interviewed Ms. McGinnis, Mr. Nassar, one of Mr. Haimed's sons who helped run the business, and "Big Ali," another family member, who stated he was the manager. Big Ali said he had a workers' compensation policy, but he could not provide any proof of coverage. The specialist noted he found no policy for Range Line in NCCI, and Ms. McGinnis said she worked with seven other employees. Finally, the specialist confirmed Ms. McGinnis is a Tennessee resident and that she provided notice to the Bureau of her employer's lack of coverage within sixty days of her injury.

Ms. McGinnis seeks medical benefits, temporary disability benefits, payment of her outstanding medical bills and reimbursement for bills paid by her insurance.

### Findings of Fact and Conclusions of Law

Ms. McGinnis must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Compensability*

To prove a compensable injury, Ms. McGinnis must show that her alleged injuries arose primarily out of and in the course and scope of her employment. To do so, she must prove a work-related incident identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A). Further, she must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." A "reasonable degree

---

[11] Ms. McGinnis advised the Court that she served a copy of her Petition for Benefit Determination on Range Line by mail.

of medical certainty" means that, in the treating physician's opinion, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14)(C)-(D).

Applying these principles, the Court finds the undisputed testimony from Ms. McGinnis and Mr. Jamerson proved that she injured her foot, right arm/shoulder, back and right side of her body when she fell on July 20, 2019. Therefore, the Court holds she is likely to show a specific incident, identifiable by time and place, at trial.

The question then is whether Ms. McGinnis appears likely to establish that her work primarily caused the injury and need for treatment. The Court cannot find at this time that she is likely to meet this burden. None of the medical records mention causation. Thus, she has not proven "to a reasonable degree of medical certainty" that her work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

However, the Court must also address Range Line's failure to provide a panel of physicians. Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) provides that, "in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." The Bureau's rules also require an employer to provide a panel no later than three days after an employee expresses a need for medical care. Tenn. Comp. R. & Regs. 0800-02-01-.06 (2018).

Further, at an expedited hearing, an employee need not establish the compensability of her claim by a preponderance of the evidence. Rather, where the employee presents sufficient evidence to support that a work event resulted in injury, it may also be sufficient to support an order compelling an employer to provide a panel. *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016). Thus, the question is whether Ms. McGinnis provided sufficient evidence to establish at this expedited hearing stage that she is entitled to a panel of physicians. Her undisputed testimony was that she suffered a specific injury, reported it to her employer, and attempted to file an accident report to seek benefits. The Court holds this is sufficient evidence to satisfy her burden at this stage that she is entitled to a panel of physicians. Range Line shall provide a panel from which Ms. McGinnis may choose an authorized physician for treatment of her alleged injuries.

*Temporary Disability and Medical Bills*

To establish entitlement to temporary benefits, Ms. McGinnis must show (1) she became disabled from working due to a compensable injury, (2) a causal connection between that injury and his inability to work, and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11,

3

2015). The Court finds Ms. McGinnis did not introduce sufficient evidence to satisfy these factors. Thus, her request for temporary disability benefits is denied at this time.

Ms. McGinnis also requested payment of her medical bills for treatment of her alleged injury. However, she did not provide corresponding records for all of the bills, nor did she show that the expenses were causally related to the work injury or that the treatment was reasonable and necessary. Without an expert opinion, the Court cannot speculate as to the reasonableness, necessity, and causal relationship of the treatment and charges to the work injury. *See Eaves v. Ametek, Inc.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 57, at *8-9 (Sept. 14, 2018) (Trial court erred in ordering employer to pay medical expenses when the employee offered no proof that the expenses were reasonable, necessary, or causally related to the work accident). For these reasons, the Court holds that Ms. McGinnis is not likely to prevail at trial as to payment of past medical expenses.

*Payment of Benefits*

Finally, Range Line must provide medical benefits. However, since it did not have workers' compensation insurance at the time of the injury, the Uninsured Employers Fund (UEF) has *discretion* to pay *limited* medical expenses if certain criteria are met. (See attached Benefits Request Form). Ms. McGinnis must establish that she: 1) worked for an uninsured employer; 2) suffered an injury primarily in the course and scope of employment on or after July 1, 2015; 3) was a Tennessee resident on the date of injury; 4) provided notice to the Bureau of the injury and of Range Line's lack of coverage within sixty days of the injury; and, 5) secured a judgment for workers' compensation benefits against Range Line. Tenn. Code Ann. § 50-6-801(d)(1)-(5).

The Court finds Ms. McGinnis worked for an uninsured employer, Range Line Discount Deli, and that she is likely to prevail at a hearing on the merits that she suffered an injury primarily within the course and scope of her employment on July 20, 2019. She was a Tennessee resident on that date, and she provided notice to the Bureau within sixty days of her injury and Range Line Discount Deli's lack of insurance. This order serves as a judgment for benefits. Ms. McGinnis satisfied the requirements of section 50-6-801(d).

**IT IS, THEREFORE, ORDERED** as follows:

1. Range Line Discount Deli shall provide Ms. McGinnis a panel of physicians for her injury under Tennessee Code Annotated section 50-6-204.

2. Ms. McGinnis satisfied the requirements of Tennessee Code Annotated section 50-6-801(d) and thus is eligible to request limited medical benefits from the UEF at the Administrator's discretion. Ms. McGinnis must complete and file the attached form. Ms. McGinnis may contact an Ombudsman at 1-800-332-2667 for assistance with this process.

3. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED October 8, 2020.**

*Amber Luttrell*

**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Ms. McGinnis's affidavit
2. LaKeith Jamerson's affidavit
3. Expedited Request for Investigation Report
4. Medical records (collective exhibit)
5. Medical bills (Memphis Radiological and Regional One Health)
6. Medical documentation (collective exhibit-4 pages)
7. City of Memphis EMS Services bill
8. Text messages between Ms. McGinnis and employer

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order Setting Case for Show Cause Hearing
4. Order Resetting Case for Show Cause Hearing
5. Order Granting Additional Time Following Show Cause Hearing
6. Request for Expedited Hearing
7. Order Setting Expedited Hearing (by telephone)

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 8, 2020.

| Name | Certified Mail | First Class Mail | Email | Service sent to: |
|---|---|---|---|---|
| Barbara McGinnis, Self-represented Employee | | X | X | 2448 Wellons Ave., Memphis, TN  38127 barbaramcginnis9@gmail.com |
| Range Line Discount Deli, Uninsured Employer | X | X | | 3467 Range Line Rd., Memphis, TN  38127 |
| LaShawn Pender, Program Coordinator | | | X | lashawn.pender@tn.gov |
| Compliance Unit | | | X | amanda.terry@tn.gov |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**